UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUSAN WINCHELL,

                Plaintiff,        18-CV-155T

       v.                               **DECISION**
                                               **and ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## **INTRODUCTION**

    Plaintiff Susan Winchell ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), denying her application for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule- 12(c) of the Federal Rules of Civil Procedure. Dkt. ## 10, 15.

## **BACKGROUND**

    Plaintiff applied for DIB on January 9, 2014, alleging disability beginning July 15, 2012, due to neck pain, upper back pain, muscle spasm, degeneration of cervical intervertebral disc

disease, and exacerbations. T. 91-92.[1] At the time of the alleged onset date, Plaintiff was 47 years-old and previously worked as a jail detention aide until 2008, when she was injured while restraining a combative prisoner. She continued to work other jobs until 2012, when her injury was exacerbated. T. 50-62, 74.

Her application was initially denied. Plaintiff appeared with counsel at a hearing before Administrative Law Judge ("ALJ") Bryce Baird, T. 39-90, after which the ALJ found Plaintiff not disabled. T. 11-29.

Specifically, in applying the familiar five-step sequential analysis, as contained in the administrative regulations promulgated by the Social Security Administration ("SSA"), see 20 C.F.R. §§ 404.1520, 416.920; Lynch v. Astrue, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps), the ALJ found: (1) Plaintiff did not engage in substantial gainful activity since September 10, 2014; (2) she had the severe impairments of cervical and thoracic degenerative disc disease with cervical spondylosis and stenosis; (3) her impairments did not meet or equal the Listings set forth at 20 C.F.R. § 404, Subpt. P, Appx. 1. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with multiple restrictions; (4) Plaintiff was unable to perform her past relevant work as a detention aide/security guard; and (5) considering

---

[1] Citations to "T.__" refer to the pages of the administrative transcript. Dkt. #4.

-2-

Plaintiff's age, education, work experience, and RFC, she could perform the jobs of marker, router, and cashier. T. 16-23. The ALJ also found non-medically determinable impairments of fibromyalgia and rheumatoid arthritis. Although they were non-severe, the ALJ considered them in determining Plaintiff's RFC. Id.

Following the ALJ's decision, Plaintiff sought review by the Appeals Council, submitting four additional medical records. T. 30-38. Those records documented treatment for rheumatoid arthritis both before and after the ALJ's October 5, 2016 decision.

With regard to treatment records from June 16 to July 28, 2016, the Appeals Council concluded that it "does not show a reasonable probability that it would change the outcome of the decision." T. 2. With regard to records dated October 20 to December 20, 2016, the Appeals Council determined that they did "not relate to the period at issue" and therefore did "not affect that decision about whether you were disabled beginning on or before" the date of the ALJ's decision. T. 2. The Appeals Council denied review on January 25, 2018, making the ALJ's determination the final decision of the Commissioner. T. 1-5. This action followed, Dkt. #1, and the parties subsequently cross-moved for judgment on the pleadings. Dkt. ##10, 15.

While the instant proceeding was pending, Plaintiff filed a second application for DIB on April 5, 2018, alleging disability as of October 6, 2016, due to degenerative disc disease, cervical stenosis, vascular disease, fibromyalgia, and rheumatoid arthritis.

Pl. Supp. Br. (Dkt. #12), Ex. 1. On July 28, 2018, SSA notified Plaintiff that it had concluded she was disabled as of the alleged onset date. Id., Ex. 2.

The issue before the Court is whether Plaintiff's subsequent award of benefits constitutes new and material evidence warranting remand. See Pl. Supp. Mem. (Dkt. #12) at 1-3, see also Dkt. # 10-1; Comm'r Mem. (Dkt. #15-1) at 5-26.

## DISCUSSION

Pursuant to the Act, the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g)

A subsequent favorable decision by the Commissioner constitutes new and material evidence when it "sheds light on the seriousness of [plaintiff's] condition at the time of the first ALJ's decision and is relevant to that time frame." Kaylor v. Berryhill, No. 16-cv-281, 2017 WL 4250052, at *2 (W.D.N.Y. Sep. 26, 2017) (quoting Mikol v. Barnhart, 554 F. Supp. 2d 498, 504 (S.D.N.Y. 2008). "In other words, 'if the subsequent [determination] references the initial time period formally adjudicated, the information is considered new and material.'" Id.

(quoting Clemons v. Astrue, 2013 WL 4542730, at *6 (W.D.N.Y. Aug. 27, 2013)).

The Commissioner argues that the subsequent award of benefits "was based chiefly on medical conditions not relevant to the period ending on the ALJ's decision of October 5, 2016." Comm'r Mem. 26. It is true that the Disability Determination Explanation indicates a primary severe impairment of peripheral arterial disease, with secondary/other severe impairments of spine disorder, fibromyalgia, and inflammatory arthritis. Id., Ex. 1 at 4. However, the Disability Examiner also found Plaintiff's exertional limitations were "due to significant claudication from PVD [diagnosis] combined with pain and limited ROM in cervical spine." Id., Ex. 1 at 6. The evidence relied upon encompassed Plaintiff's previously diagnosed/alleged disabling conditions, and covered a time period both before and after the ALJ's decision. Id., Ex. 1 at 6-7. The Medical Consultant noted "5/16 neuro consult shows DX Fibromyalgia. 9/16 XR of Cervical spine shows degenerative changes." Id., Ex. 1 at 7. Under these circumstances it is "clear that the Commissioner's determination of plaintiff's subsequent Title II claim rested in part on medical conditions that were present during the time period relevant to the instant matter."
Kaylor, 2017 WL 4250052, at *3.

As to Plaintiff's second DIB application, the Commissioner determined at the initial stage that Plaintiff was disabled as of October 6, 2016, one day after the ALJ's decision. In Mikol v.

-5-

Barnhart, 554 F.Supp.2d 498, 503-05 (S.D.N.Y. 2008), the district court found that a subsequent favorable decision constituted grounds for reconsideration where the alleged onset date was one day after the original ALJ's denial, and the second ALJ discussed conditions that the first ALJ addressed. Similar circumstances are present here. See also Clemons v. Astrue, No. 12-CV-269A, 2013 WL 4542730, at *6 (W.D.N.Y. Aug. 27, 2013) (holding that subsequent decision was material where the onset date in the second application was one day after the original ALJ's decision, and the second ALJ referenced time frames and information adjudicated by the original ALJ); cf. Horn v. Comm'r of Soc. Sec., No. 13-CV-1218, 2015 WL 4743933, at *22 (E.D.N.Y. Aug. 10, 2015) (finding subsequent favorable decision was not material evidence because was "not probative with respect to the relevant time period.").

The Court observes that the mere existence of a subsequent award of benefits is not, in and of itself, new and material evidence warranting remand. See generally, Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 653 (6th Cir. 2009) ("[T]he mere existence of the subsequent decision in [a claimant's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding. A subsequent favorable decision may be supported by evidence that is new and material under § 405(g), but the decision is not itself new and material evidence." (emphasis in original)). In this case, however, there is a great deal of overlap between Plaintiff's conditions and treatment underlying her first and

second disability applications. Indeed, the second disability determination and the evidence submitted to the Appeals Council suggest that Plaintiff's conditions of fibromyalgia and rheumatoid arthritis may have been more severe than the ALJ determined.

Finally, the Commissioner's reliance on Rivera v. Colvin, 592 Fed. Appx. 32, 33 (2d Cir. 2015) is misplaced. In that case, the Second Circuit held that a subsequent favorable decision does not constitute new and material evidence where an "award of benefits reflected a worsening of [a claimant's] condition, not a different assessment of the same evidence considered." Id., see Comm'r Mem. 26. The Commissioner contends that the award is not new evidence because it reflects a "deterioration related to peripheral arterial disease." Comm'r Mem. 26. is not the case here, because the subsequent award did not "rest on specific findings that [the claimant's] condition grew worse." 592 Fed. Appx. at 33.

This matter is therefore remanded to the ALJ to consider the additional evidence relating to the subsequent determination of disability for the relevant time period of July 15, 2012 to October 5, 2016. In doing so, the ALJ should also consider the additional evidence submitted to the Appeals Council. See supra at 3-4.

Because the Court finds that the new, additional evidence merits remand, it need not reach the parties' remaining contentions.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (Dkt. # 10) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order and the Commissioner's motion (Dkt. #15) is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
June 12, 2019